ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CAPITAL MANAGEMENT GROUP, LLC como agente JEFFERSON CAPITAL SYSTEMS<br><br>Apelada<br><br>v.<br><br>JOSÉ R. VAZQUEZ ROJAS<br><br>Apelante | **KLAN202500524** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm. BY2023CV07249<br><br>Sobre: Cobro de Dinero (Regla 60) |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

**<u>SENTENCIA</u>**

En San Juan, Puerto Rico, a 29 de julio de 2025.

Comparece ante este foro el Sr. José R. Vázquez Rojas (señor Vázquez o "el apelante") y nos solicita que revisemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 9 de mayo de 2025. Mediante el referido dictamen, el foro primario condenó al apelante a satisfacer a Capital Management Group, LLC como agente gestor de Jefferson Capital Systems (Capital o "parte apelada") la cantidad de $1,881.96, más los intereses al tipo legal.

Por los fundamentos que expondremos a continuación, **REVOCAMOS** la *Sentencia* apelada.

**I.**

El 26 de diciembre de 2023, Capital presentó una *Demanda* sobre cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, *infra*, en contra del señor Vázquez.[1] Mediante esta, reclamó una deuda vencida,

---

[1] *Demanda*, anejo 2, págs. 4-5 del apéndice del recurso.

líquida y exigible por la suma de $1,881.96 por concepto del principal.  En lo pertinente, anejó a la referida *Demanda* varios documentos, entre ellos: una *Declaración Jurada* de una representante de Capital; la carta de cobro, siendo diligenciada por correo certificado a la dirección: Urb. Sierra Linda, S13 Calle 13, Bayamón PR 00957-2118; la notificación-citación sobre cobro de dinero, entre otros.[2]

El 24 de enero de 2024, el señor Vázquez presentó una *Moción de Desestimación*.[3]  Alegó que, la parte apelada no presentó evidencia de que adquiriera de Scotiabank Puerto Rico la deuda.  A su vez, que la alegada gestión de cobro no la realizaron conforme a la ley, puesto que, la evidencia que presentó Capital con la demanda era de una de certificación de envió y no de correo certificado con acuse de recibo.

El 25 de enero de 2024, el foro primario notificó una *Orden*, mediante la cual ordenó la conversión del caso al trámite ordinario.[4]

En respuesta, el 20 de febrero de 2024, Capital presentó una *Moción en Oposicion a Desestimación*.[5]  En esencia, esbozó que Jefferson Capital firmó un acuerdo con los apelados para que se encargaran de administrar las cuentas por cobrar, y dicho poder estaba vigente, por lo que, tenían legitimación para reclamar el cobro de la deuda.  De otra parte, sostuvo que la Ley de Agencias de Cobro establecía que era necesario cumplieran con el requisito de notificación por correo

---

[2] Véase, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] *Moción de Desestimación*, anejo 3, págs. 6-9 del apéndice del recurso.
[4] *Orden*, entrada núm. 6 en SUMAC.
[5] *Moción en Oposicion a Desestimación*, anejo 4, págs. 10-21 el apéndice del recurso.

certificado al deudor sobre el pago de lo adeudado, pero no exige que fuera recibido. Alegó que, del número de rastreo surgió que la carta fue devuelta por no haber sido reclamada. Por consiguiente, el foro primario tenía jurisdicción para atender el caso.

Evaluadas las alegaciones de las partes, el 21 de febrero de 2024, el foro primario notificó una *Resolución,* en la cual denegó la solicitud de desestimación del apelante.[6]

El 11 de abril de 2024, el señor Vázquez presentó su *Contestación a la Demanda*.[7] En ella, negó la mayoría de las alegaciones y planteó nueve (9) defensas afirmativas, entre las cuales, reiteró falta de jurisdicción, por incumplimiento con el requisito de notificación por correo certificado con acuse de recibo.

El 17 de septiembre de 2024, fue celebrada una conferencia inicial, donde el foro primario les ordenó a las partes que presentaran el *Informe de Conferencia con Antelación a Juicio* antes de la vista del 4 de marzo de 2025.[8]

El 27 de febrero de 2025, el foro primario notificó una *Orden*, en la cual dispuso lo siguiente:[9]

> Se deja sin efecto próximo señalamiento debido a la falta de cumplimiento con lo ordenado el 17 de septiembre de 2024. Tengan ambas partes 10 días perentorios para presentar el Informe de Conferencia con Antelación a Juicio so pena de sanciones económicas.

Posteriormente, el 11 de marzo de 2025, el foro *a quo* notificó una *Orden*, mediante la cual le impuso $25.00

---

[6] *Resolución*, entrada núm. 8 en SUMAC.
[7] *Contestación a la Demanda*, anejo VI, págs. 23-24 del apéndice del recurso.
[8] *Minuta Conferencia Inicial*, anejo 7, págs. 25-26 del apéndice del recurso.
[9] *Orden*, anejo 8, pág. 27 del apéndice del recurso.

en sanciones económicas a las partes, ante la falta de cumplimiento con lo ordenado el 27 de febrero de 2025.[10]

El 18 de marzo de 2025, Capital presentó una *Moción de Reconsideración de Sanción*.[11] En síntesis, alegó que había trabajado su parte del informe y, posteriormente se lo remitió al apelante, quien solo indicó que lo estaba trabajando.

El 19 de marzo de 2025, el foro primario notificó una *Orden*, indicándole a las partes que reconsideraría su determinación del 11 de marzo de 2025, si dentro del periodo de reconsideración presentaban el *Informe de Conferencia con Antelación a Juicio.[12]*

Así las cosas, el 25 de marzo de 2025, notificó una *Resolución Interlocutoria*.[13] En esta, declaró *con lugar* la solicitud de reconsideración presentada por la parte apelada y dejó sin efecto su sanción económica.

El 3 de abril de 2025, el foro primario notificó una *Orden*, en la cual le ordenó al apelante a que mostrara causa por la cual no debía anotarle la rebeldía, ante su incumplimiento con la *Orden* del 11 de marzo de 2025.[14]

El 22 de abril de 2025, el foro primario mediante *Orden*, le anotó la rebeldía al señor Vázquez ante su falta de cumplimiento.[15]

El 5 de mayo de 2025, Capital presentó *Solicitud de Anotación de Rebeldía y Sentencia*.[16] En esencia, indicó que el apelante no había consignado la sanción impuesta,

---

[10] *Orden*, anejo 9, pág. 28 del apéndice del recurso.
[11] *Moción de Reconsideración de Sanción*, entrada núm. 33 en SUMAC.
[12] *Orden*, anejo 10, pág. 29 del apéndice del recurso.
[13] *Resolución Interlocutoria*, anejo 11, pág. 30 del apéndice del recurso.
[14] *Orden*, anejo 13, pág. 33 del apéndice del recurso.
[15] *Orden*, entrada núm. 40 en SUMAC.
[16] *Anotación de Rebeldía y Sentencia*, anejo 14, págs. 34-35 del apéndice del recurso.

ni había comparecido ante el foro *a quo*, por lo que, solicitó le fuera anotada la rebeldía.

El 8 de mayo de 2025, el señor Vázquez presentó *Réplica a Moción Solicitando Anotación de Rebeldía y en Cumplimiento de Sanción*, mediante la cual esbozó que el incumplimiento no se debía al apelante, sino al representante legal.[17] Asimismo, incluyó el pago de la sanción impuesta.

El 8 de mayo de 2025, siendo notificada el 9 de mayo de 2025, el foro primario emitió la *Sentencia* apelada en la cual dispuso lo siguiente:[18]

> Obra en autos declaración jurada de un oficial autorizado de la parte demandante que acredita la reclamación instada. De la misma surge que la parte demandada le adeuda a la parte demandante la suma de **$1,881.96**. Dicha deuda está vencida, líquida y exigible.
>
> Por consiguiente, el tribunal dicta sentencia y condena a la parte demandada a satisfacer a la parte demandante la cantidad de **$1,881.96**, más interés al tipo legal.

Inconforme, el 9 de junio de 2025, el señor Vázquez presentó la *Apelación* de epígrafe y señaló los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia al anotar la rebeldía cuando ya había dejado sin efecto la sanción impuesta.
>
> Erró el Honorable Tribunal de Primera Instancia al dictar sentencia en rebeldía sin la celebración de una vista.
>
> Erró el Honorable Tribunal de Primera Instancia al declarar con lugar la demanda cuando existía un planteamiento de falta de jurisdicción.

---

[17] *Réplica a Moción Solicitando Anotación de Rebeldía y en Cumplimiento de Sanción*, anejo 15, págs. 36-37 del apéndice del recurso.

[18] *Sentencia*, anejo 1, págs. 1-3 del apéndice del recurso.

El 11 de julio de 2025 emitimos una *Resolución* concediéndole a la parte apelada el término dispuesto en nuestro Reglamento para que presentara su alegato en oposición.

Luego de una solicitud de prórroga, el 17 de julio de 2025, Capital presentó su alegato en oposición.

Contando con la comparecencia de las partes, procedemos a resolver la controversia ante nuestra consideración.

**II.**

**-A-**

La Regla 60 de Procedimiento Civil, 32 LPRA Ap. V., R. 60, establece un proceso sumario de cobro de dinero. El propósito primordial de la referida regla es "agilizar y simplificar los procedimientos en acciones de reclamaciones de cuantías pequeñas, para así lograr la facilitación del acceso a los tribunales y una justicia más rápida, justa y económica en este tipo de reclamación". *Asoc. Res. Colinas Metro v. SLG*, 156 DPR 88, 97 (2002). En particular, la Regla 60 de Procedimiento Civil, *supra*, dispone lo siguiente:

> Cuando se presente un pleito en cobro de una suma que no exceda los quince mil (15,000) dólares, excluyendo los intereses, y no se solicite en la demanda tramitar el caso bajo el procedimiento ordinario, la parte demandante deberá presentar un proyecto de notificación-citación que será expedido inmediatamente por el Secretario o Secretaria. La parte demandante será responsable de diligenciar la notificación-citación dentro de un plazo de diez (10) días de presentada la demanda, incluyendo copia de ésta, mediante entrega personal conforme a lo dispuesto en la Regla 4 o por correo certificado.
>
> La notificación-citación indicará la fecha señalada para la vista en su fondo, que se celebrará no más tarde de los tres (3) meses a partir de la presentación de la demanda, pero nunca antes de quince (15) días de la

notificación a la parte demandada. En la notificación se advertirá a la parte demandada que en la vista deberá exponer su posición respecto a la reclamación, y que si no comparece podrá dictarse sentencia en rebeldía en su contra.

La parte demandante podrá comparecer a la vista por sí o mediante representación legal. El Tribunal entenderá en todas las cuestiones litigiosas en el acto de la vista y dictará sentencia inmediatamente. Como anejo a la demanda, el demandante podrá acompañar una declaración jurada sosteniendo los hechos contenidos en la demanda o copia de cualquier otro documento que evidencie las reclamaciones de la demanda. Si la parte demandada no comparece y el Tribunal determina que fue debidamente notificada y que le debe alguna suma a la parte demandante, será innecesaria la presentación de un testigo por parte del demandante y el Tribunal dictará sentencia conforme a lo establecido en la Regla 45. Si se demuestra al Tribunal que la parte demandada tiene alguna reclamación sustancial, o en el interés de la justicia, cualquiera de las partes tendrá derecho a solicitar que el pleito se continúe tramitando bajo el procedimiento ordinario prescrito por estas reglas o el Tribunal podrá motu proprio ordenarlo, sin que sea necesario cancelar la diferencia en aranceles que correspondan al procedimiento ordinario.

Para la tramitación de un pleito conforme al procedimiento establecido en esta Regla, la parte demandante debe conocer y proveer el nombre y la última dirección conocida de la parte demandada al momento de la presentación de la acción judicial. De lo contrario, el pleito se tramitará bajo el procedimiento ordinario.

De otra parte, en una acción de cobro de dinero, la parte demandante tiene que probar ser la acreedora de una deuda vencida, líquida y exigible. *RMCA v. Mayol Bianchi*, 208 DPR 100, 109 (2021); *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001). Sobre ese particular, el Tribunal Supremo de Puerto Rico definió que es líquida aquella deuda cierta y determinada, mientras que se considera exigible porque puede demandarse su cumplimiento. *Íd*. Es decir que, "al alegarse que la

cuenta es 'líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está vencido". *Íd.*, citando a *Guadalupe v. Rodríguez*, 70 DPR 958, 966 (1950).

La responsabilidad de diligenciar la notificación-citación recae sobre la parte demandante. *Cooperativa v. Hernández Hernández*, 205 DPR 624 (2020). La expedición de la notificación-citación igualmente es un trámite ágil pues, según la precitada Regla 60, *supra*, tan pronto la secretaria o secretario del tribunal de instancia reciba el proyecto de notificación-citación y allí consigne la fecha de celebración de la vista en su fondo, tiene el deber de expedirla inmediatamente para que la parte demandante gestione el diligenciamiento. *Íd.*

Así mismo, la regla permite que la persona promovente de la acción seleccione la forma en que diligenciará la notificación-citación, a saber: por correo certificado o mediante entrega personal, conforme se establece en la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4. Así pues, independientemente de la opción escogida por la parte demandante, lo transcendental es que la notificación-citación de la persona promovente sea diligenciada dentro de los diez (10) días de presentada la demanda y se acompañe copia de ésta dirigida a la última dirección conocida de la parte deudora contra quien pesa una reclamación líquida y exigible. *Cooperativa v. Hernández Hernández*, supra, pág. 635 (2020). La notificación-citación tiene una función dual: por un lado, notifica a la parte demandada la reclamación en cobro de dinero presentada en su contra

y otro por la parte promovida es citada para la vista en su fondo. *Cooperativa v. Hernández Hernández*, supra, pág. 635, citando a *Asoc. Res. Colinas Metro v. SLG,* supra, pág. 98.

Cónsono con lo anterior, el Artículo 17 inciso 13 de la Ley Núm. 143 de 27 de junio de 1968, según enmendada, conocida como *Ley de Agencias de Cobro*, 10 LPRA sec. *et seq.*, prohíbe a toda agencia de cobro de:

> Radicar acción judicial en cobro de dinero sin antes haber requerido por escrito al deudor para que pague lo adeudado por correo certificado con acuse de recibo. Ningún Tribunal podrá asumir jurisdicción en una acción de cobro de dinero tramitada por una agencia de cobro sin que se alegue y se pruebe el cumplimiento de este requisito. 10 LPRA sec. 981p.

Por otra parte, el precipitado estatuto establece que deberá ser interpretado de manera compatible con el *Fair Debt Collection Practices Act*, 15 USC 1692 *et seq.* 10 LPRA sec. 981p-1. Atinente a la controversia ante nos, la Sección 1692g(a) del *Fair Debt Collection Practices Act*, 15 USC sec. 1692g(a) especifica el contenido de la carta de cobro que debe enviar la agencia al deudor, previo a la presentación de una acción judicial. Sobre el envío, *Mahon v. Credit Bureau of Placer County, Inc.,* 171 F.3d 1197, 1201 (1999), estableció que el *Fair Debt Collection Practices Act* "*requires only that notice be 'sent' by a debt collector, and debt collector need not also establish actual receipt by the debtor*". De igual manera, *Antoine v. J.P. Morgan Chase Bank, D.D.C.* 2010, 757 F. Supp.2d 19, resolvió que el "*[d]ebt collector complied with disclosure requirements of Fair Debt Collection Practices Act (FDCPA) in mailing compliant notice to debtor; despite debtor's contention that he did not*

*receive notice, under FDCPA, it was irrelevant whether debtor actually received the notice*".

**-B-**

La Regla 45 de Procedimiento Civil, 32 LPRA Ap. V, R. 45, "permite que el tribunal *motu proprio*, o a solicitud de parte, le anote la rebeldía a la otra por no comparecer a contestar la demanda o a defenderse como estipulan las reglas, o como sanción". *Bco. Popular v. Andino Solís*, 192 DPR 172, 178-179 (2015). El propósito de este mecanismo es evitar que la dilación se utilice como estrategia de litigación. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011). En específico, la Regla 45.1 de Procedimiento Civil, *supra*, establece que:

> Cuando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

Nuestro Tribunal Supremo, en *Rivera Figueroa v. Joe's European Shop*, supra, pág. 588, indicó que una parte puede ser declarada en rebeldía por tres (3) fundamentos, cuando: (1) una parte no comparece al proceso luego de haber sido debidamente emplazada; (2) el demandado no contesta o alega en el término dispuesto

por ley, luego de haber comparecido por medio de una moción previa de donde surja la intención clara de defenderse; y (3) cuando una parte se niega a descubrir su prueba luego de habérsele requerido o cuando haya incumplido con alguna orden del tribunal. *Íd.*, págs. 567-568. Sobre el particular, el Tribunal Supremo añadió que, en estas instancias, la anotación de rebeldía se impondrá como una sanción. *Íd.*

Asimismo, la Regla 34.3(b)(3) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3, establece lo siguiente:

> Si una parte o un funcionario o agente administrador de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28, deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:
>
> (1)  […]
>
> (2)  […]
>
> (3)  Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla.
>
> […].

Las consecuencias de la anotación de rebeldía son que se den por admitidos todos los hechos bien alegados en la demanda o en aquella alegación que se haya realizado en contra del rebelde, y el Tribunal está autorizado para que dicte sentencia, de proceder en derecho. *Rivera Figueroa v. Joe's European*, supra, pág. 590; Regla 45.1 de Procedimiento Civil, *supra*. Sin embargo, el Tribunal puede dejar sin efecto dicha

anotación por justa causa, y cuando se haya dictado sentencia en rebeldía, podrá dejarla sin efecto conforme a la Regla 49.2 de Procedimiento Civil, *supra*, R. 49.2. Sin embargo, nuestro Más Alto Foro ha establecido que a pesar de que el Tribunal tenga la discreción de anotar rebeldía o dictar sentencia en rebeldía a una parte como sanción por incumplimiento con las órdenes del Tribunal, dicho proceder se debe hacer dentro del marco de lo que es justo. *Rivera Figueroa v. Joe's European Shop*, supra, pág. 590. La ausencia de tal justicia equivaldría a un abuso de discreción. *Íd*.

De otra parte, nuestro Tribunal Supremo en los casos de *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 707-708 (2020) y *Maldonado v. Srio. De Rec. Naturales,* 113 DPR 494, 498 (1982), concluyó que la Regla 34.3(b)(3) de Procedimiento Civil, *supra*, exige que previo a que se imponga una sanción severa al amparo de dicha regla, éste debe en primera instancia, imponer sanciones económicas al abogado de la parte por su incumplimiento con las órdenes del Tribunal. Luego, si ello no genera resultados favorables, se debe notificar directamente a la parte de la negligencia de su representación legal y la consecuencia que ello conlleva si no se corrige. *Íd*.

Así pues, luego de la notificación directa a la parte informándole sobre los incumplimientos de su representación legal con las órdenes del Tribunal y las consecuencias de ello, se aplicaría la imposición de la sanción de anotación de rebeldía. El tratadista Cuevas Segarra planteó que "ante situaciones de incumplimiento con el descubrimiento de prueba, el tribunal debe cumplir con los requisitos procesales discutidos en

torno a la notificación directa a la parte". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1889 (2017). Por lo que, el incumplir con dicho proceder trastocaría el debido proceso de ley. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.,* supra, pág. 709.

**III.**

En el caso de autos, el señor Vázquez presentó tres (3) señalamientos de error. En los primeros dos señalamientos de error, el apelante sostiene que el foro primario incidió al dictar sentencia en rebeldía cuando había dejado sin efecto la sanción impuesta, además de no celebrar una vista. Alega que, el foro *a quo* no le indicó que de no pagar la sanción, dictaría sentencia en rebeldía. Añadió que, no hubo abandono del caso por su parte, y aunque un poco tarde, cumplió con la orden del tribunal. Asimismo, arguye que debió celebrar la vista, puesto que, había presentado una defensa de falta de jurisdicción.

El 17 de septiembre de 2024, el foro primario emitió una orden solicitándole a las partes a que presentaran el *Informe de Conferencia con Antelación a Juicio* antes de la vista del 4 de marzo de 2025. No obstante, el 27 de febrero de 2025, el foro *a quo* mediante orden, dispuso que dejaba sin efecto la vista, debido al incumplimiento de las partes al no presentar el informe, por lo que, les dio 10 días adicionales, para que lo presentaran so pena de sanciones económicas.

Posteriormente, el 11 de marzo de 2025, el foro apelado le impuso una sanción económica de $25.00 a las partes, ante la falta de cumplimiento. Sin embargo, el 18 de marzo de 2025, Capital presentó una moción de

reconsideración, y el 25 de marzo de 2025, el foro primario la declaró con lugar, dejando sin efecto su sanción económica.

El 3 de abril de 2025, el foro primario notificó una *Orden*, en la cual le ordenó al apelante a que mostrara causa por la cual no debía anotarle la rebeldía. No obstante, al no comparecer, el 22 de abril de 2025, el foro *a quo* le anotó la rebeldía. No fue hasta el 8 de mayo de 2025, que compareció e indicó que su incumplimiento se debía al representante legal e incluyó el pago de la sanción económica.

Sin embargo, el 9 de mayo de 2025, el Tribunal de Primera Instancia notificó la *Sentencia* en rebeldía, en la cual determinó que la deuda reclamada por Capital estaba vencida, líquida y era exigible, por lo que, condenó al apelante a pagarle $1,881.96, más interés al tipo legal.

Como se puede evidenciar, el foro primario le brindó oportunidad al representante legal del señor Vázquez para que cumpliera con las ordenes emitidas, incluyendo que mostrara justa causa por la cual no le debía anotar la rebeldía a su representante. Sin embargo, el abogado ignoró dichas órdenes, demostrando falta de diligencia y dejadez.

Conforme a la normativa antes expuesta, ante el incumplimiento y el descuido procesal de una parte, el tribunal puede eliminar sus alegaciones, pero, primero debe imponer sanciones económicas a la parte, al abogado o a ambos, previo a adoptar una disposición que pueda tener el efecto de privarla de su día en corte. Si dicha acción disciplinaria no produce frutos positivos, se le debe informar a la parte de las actuaciones de su

abogado. Posteriormente, procedería la imposición severa de anotación de rebeldía, pero sólo después de que la parte haya sido informada y apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida.

En el caso de autos, el representante legal del señor Vazquez, incumplió con varias ordenes del Tribunal, no obstante, luego de la imposición de la sanción económica ($25.00), procedió a anotarle la rebeldía, no sin antes apercibirle directamente al apelante sobre dichos incumplimientos por parte de su abogado.

El abogado del peticionario, en su moción del 8 de mayo de 2025, reconoció sus incumplimientos con el Tribunal y aceptó que no tenía justa causa para justificar sus deficiencias procesales. Ante ello, suplicó que no se castigara a su cliente anotándole la rebeldía y que, cuando más, se le impusiera una sanción económica a él. La anterior postura es correcta y ante esto procederemos a revocar la sentencia y a sancionar al abogado, no a la parte.

Así las cosas, erró el foro primario al anotar la rebeldía sin previamente notificarle al señor Vazquez del reiterado incumplimiento de su abogado. Por consiguiente, es forzoso concluir que se le violentó el debido proceso de ley al apelante y, por ende, procedemos a declarar nula la *Sentencia*. Finalmente, no atenderemos los otros señalamientos de error, en vista de que estamos dejando sin efecto la sentencia del foro primario. No obstante, aclaramos que nuestra determinación no anticipa una evaluación sobre los

méritos de la controversia, ni resuelve las reclamaciones de las partes.

**IV.**

Por los fundamentos antes expuestos, **REVOCAMOS** la *Sentencia* apelada, dejamos sin efecto la anotación de rebeldía y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Además, imponemos una sanción de **$500.00** al representante legal del señor Vázquez a favor del Estado Libre Asociado de Puerto Rico, los cuales deberán ser consignados ante el tribunal apelado en el término de cinco (5) días contados a partir de la notificación del *Mandato* de la presente *Sentencia*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones